IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN COLEMAN,<br><br>　　　　PLAINTIFF,<br><br>v.<br><br>AMERIHEALTH CARITAS,<br><br>　　　　DEFENDANTS. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff Justin Coleman by and through his attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Justin Coleman, who was formerly employed by AmeriHealth Caritas ("Amerihealth"). Mr. Coleman has been harmed by Defendants' retaliation against Mr. Coleman for taking or seeking to take leave pursuant to the Family and Medical Leave Act including the retaliatory termination of Mr. Coleman's employment with AmeriHealth and AmeriHealth's retaliatory failure and refusal to promote Mr. Coleman.

2. This action arises under the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. ("FMLA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled.

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because the claim arose in this judicial district.

## PARTIES

8. Plaintiff Justin Coleman is an adult male citizen who resides at 1644 Conlyn Street, Philadelphia, Pennsylvania 19141.

9. Defendant AmeriHealth is a corporation duly organized and existing under state law that has a location at 200 Stevens Drive, Philadelphia, Pennsylvania 19113, where Mr. Coleman was employed.

10. At all times material hereto, Defendant AmeriHealth employed more than five-hundred individuals.

11. At all times material hereto, Defendant AmeriHealth acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant AmeriHealth and in furtherance of Defendant AmeriHealth's business.

12. At all times relevant hereto, Defendant AmeriHealth acted as an "employer" within the meaning of the laws at issue in this suit and is accordingly subject to the provisions of said laws.

13. At all times relevant hereto, Plaintiff Justin Coleman was an "employee" of AmeriHealth within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

## FACTS

14. Mr. Coleman was hired by AmeriHealth on or about October 1, 2012.

15. During his employment with AmeriHealth, Mr. Coleman performed his duties in an excellent manner and was a loyal and dedicated employee until his wrongful termination that occurred on or about July 30, 2014.

16. Mr. Coleman suffers from a disability - digestive issues for which he took intermittent FMLA leave beginning in March or April of 2014.

17. Also in approximately March or April of 2014, Mr. Coleman was transferred to a new department, where he was supervised by Dwayne Robinson.

18. Mr. Robinson also made clear that he disapproved of Mr. Coleman taking FMLA leave, and held a discriminatory animus against him because Mr. Coleman suffered from serious digestive issues that led to his seeking FMLA leave.

19. Mr. Coleman was first approved for intermittent leave related to his medical condition in approximately March or April 2014, and thereafter approached Mr. Robinson to request that he be permitted to work from home.

20. Instead of engaging in an interactive process with respect to Mr. Coleman's request, or any process, Mr. Robinson responded to Mr. Coleman that, "you need to come to work to get the shifts you want."

21. On or about June 14, 2014, Mr. Coleman sought additional FMLA leave to care for his mother, who herself suffered from a serious health condition, Lupus.

22. After being approved, Mr. Coleman approached Mr. Robinson to request an earlier shift for one day and Mr. Robinson responded, "I understand there's personal issues, but we have to cater to the company" in denying Mr. Coleman's request.

23. On July 28, 2014, Mr. Coleman took a half-day of FMLA leave.

24. The following day, July 29, 2014, Mr. Coleman met with Mr. Robinson and told him, "I feel like you have a problem with me because of how others feel about me".

25. Without denying this accusation, Mr. Robinson responded to Mr. Coleman, "I'm sorry that you feel that way" and "well, you miss work a lot".

26. Mr. Coleman pointed out to Mr. Robinson that Mr. Coleman had exceptional performance numbers.

27. Mr. Robinson responded that "it is not always about the numbers," confirming Mr. Coleman's fears that Mr. Robinson's treatment and conduct towards him were not because of legitimate, work related reasons.

28. After this final complaint, Mr. Coleman was terminated on July 30, 2014 by Mr. Robinson and Michael Greevy of Human Resources.

29. AmeriHealth based Mr. Coleman's termination upon his allegedly "dropping calls."

30. This explanation is suspect, however, given that Mr. Coleman had documented proof that the alleged "dropped calls" were actually properly reported as calls

dropped for technological difficulties, in accordance with company policy, and were not cases of Mr. Coleman hanging up on clients.

31. Mr. Coleman also followed up on each dropped call by informing Mr. Robinson directly, further evidence that AmeriHealth's proffered reason for Mr. Coleman's termination was merely pretext retaliation.

32. Because of the suspicious circumstances surrounding his termination, including the extremely close proximity in time between his most recent FMLA leave, Mr. Coleman maintains that he was terminated as a result of retaliation for his taking or seeking to take FMLA leave.

33. In addition, Mr. Coleman was passed over for multiple promotions within AmeriHealth to which he applied during his tenure, including two promotions in July of 2014, which he also believes occurred as a result of the retaliation described herein.

34. As a result of the constant, severe, pervasive, and inappropriate harassment, discrimination and retaliation described above, Mr. Coleman is left uncomfortable, emotionally distraught, humiliated, and in fear.

35. As a result of the retaliation suffered by Mr. Coleman, Mr. Coleman has suffered, and continues to suffer severe emotional distress.

36. Mr. Robinson, Mr. Greevy and others all acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Mr. Coleman severe emotional distress.

37. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered, and will continue to suffer in the future, great pain and suffering,

depriving Mr. Coleman of life's pleasures together with great embarrassment and humiliation.

38. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered, and will continue to suffer in the future, financial losses, including lost wages and other benefits of employment.

### COUNT I
### The Family and Medical Leave Act, 29 U.S.C. § 2611, et seq.
### (Plaintiff v. RDG-GCS)

39. Plaintiff Justin Coleman repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

40. Defendant AmeriHealth's conduct, in retaliating against Plaintiff for taking or attempting to take leave pursuant to the Family and Medical Leave Act, violated the FMLA.

41. AmeriHealth's violations of the FMLA were intentional and willful as AmeriHealth knew or should have known of the requirements of the FMLA.

42. Said violations warrant the imposition of liquidated damages.

43. As a direct and proximate result of Defendant AmeriHealth's violations of the FMLA, Plaintiff Justin Coleman has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon and has incurred attorneys' fees and costs.

**PRAYER FOR RELIEF**

44. Plaintiff Justin Coleman repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff Justin Coleman respectfully requests that this Court enter judgment in his favor and against Defendant and Order:

    a. Appropriate equitable relief, including reinstatement or front pay;

    b. Defendant compensate Plaintiff Justin Coleman with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful retaliation;

    c. Defendant compensate Plaintiff Justin Coleman with the wages and other benefits and emoluments of employment lost because of its unlawful conduct;

    d. Defendant pay Plaintiff Justin Coleman punitive damages;

    e. Defendant pay Plaintiff Justin Coleman compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

    f. Defendant pay Plaintiff Justin Coleman's attorneys' fees;

    g. Plaintiff be granted any and all other remedies available pursuant to the FMLA; and

    h. Such other and further relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Justin Coleman hereby demands trial by jury as to all issues so triable.

	*/s/ James A. Bell IV*
	James A. Bell IV, Esquire
	Pa. Attorney I.D. No.  81724
	Christopher A. Macey, Jr., Esquire
	Pa. Attorney I.D. No. 207800
	Bell & Bell LLP
	1617 JFK Blvd. – Suite 1020
	Philadelphia, PA 19103
	(215) 569-2500

	Attorneys for Plaintiff Justin Coleman

DATED:	July 1, 2016